ORIGINAL

FILED
APR 16 2008
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| **EOD TECHNOLOGY, INC.,** | |
| Plaintiff, | |
| v. | Case No. 08-283 C |
| **THE UNITED STATES,** | |
| Defendant. | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE DOCUMENTS**
**UNDER SEAL AND MOTION FOR A PROTECTIVE ORDER**

Pursuant to RCFC 7, 10 and RCFC, Appendix C, ¶¶ 4-7 and 17(a), Plaintiff EOD Technology, Inc. ("EODT"), through its undersigned counsel, respectfully requests that the Court file under seal EODT's Complaint and the memorandum and appendix in support of its application for a temporary restraining order and motion for a preliminary injunction. These documents are being filed contemporaneously with this motion for leave. Additionally, EODT requests that this Court issue a protective order.

These procedures are necessary because EODT relies on documents that contain sensitive proprietary information and Government material. These documents are the subject of a protective order issued in a protest before the U.S. Government Accountability Office ("GAO"). *EOD Technology, Inc.*, B-311349.2, Protective Order (Tab 1). Protected documents cited in EODT's memorandum in support of its application and motion for preliminary injunctive relief are included in an appendix to EODT's memorandum.

Additionally, pursuant to RCFC, Appendix C, ¶ 6, EODT has submitted proposed redacted versions of the documents it is requesting the Court to file under seal (Tab 2). These

documents should initially be filed under seal pending the Government's and any intervenor's approval of the proposed redactions. EODT has prepared a version of the standard protective order with the instant case's caption. Proposed Protective Order (Tab 3).

For the foregoing reasons, EODT respectfully requests this Court to file under seal EODT's Complaint and the memorandum and appendix in support of its application for a temporary restraining order and motion for a preliminary injunction. Additionally, EODT respectfully requests that this Court enter a protective order.

Dated: April 16, 2008

Respectfully submitted,

John E. Jensen
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 770-7560
(703) 770-7686 (protected facsimile)
Counsel for EOD Technology, Inc.

<u>Of Counsel</u>:

Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102-4859

# EXHIBIT 1

GAO
Accountability * Integrity * Reliability
United States Government Accountability Office
Washington, DC 20548

April 4, 2008

John E. Jensen, Esq.
Pillsbury Winthrop Shaw Pittman, LLP

Fernand A. Lavallee
DLA Piper US, LLC

Captain John J. Prichard
Department of the Army

| | |
|---|---|
| **File:** | B-311349.2 |
| **Protester:** | EOD Technology, Inc. |
| **Agency:** | Department of the Army |
| **Solicitation No.:** | **W91BL-08-R-0013** |

**AMENDED NOTICE OF ADMISSION TO PROTECTIVE ORDER**

The Government Accountability Office previously issued a protective order on March 19, 2008, and notice of admission on March 24, in connection with the protest of American K-9 Detection Services, Inc., B-311349. That protective order is hereby deemed applicable to the current protest, and all individuals admitted in connection therewith are admitted to the protective order in this case.

Unless the Government Accountability Office expressly notifies the parties otherwise, all material identified by any party as falling within the protective order shall be covered by that order. For 2 working days following production, all documents, including those not designated as protected, shall be released only to persons admitted to the protective order, in order to permit identification of documents counsel believes should have been designated as protected.

Each individual covered under this protective order shall take all precautions necessary to prevent disclosure of protected material. In addition to physically and electronically securing, safeguarding, and restricting access to the protected material in one's possession, these precautions include, but are not limited to, sending and receiving protected material using physical and electronic methods that are within the control of individuals authorized by this protective order or that otherwise restrict access to protected material to individuals authorized by this protective order. Protected material may be sent using electronic mail unless objected to by any

party in this protest. The confidentiality of protected material shall be maintained in perpetuity.

Scott H. Riback, Senior Attorney

## NOTICE REGARDING PROTECTED MATERIALS

GAO protective orders generally require that within 60 days after the disposition of the protest(s) (or if a request for reconsideration or a claim for costs is filed, 60 days after the disposition of those matters), all protected material furnished to individuals admitted under this protective order, including all electronically transmitted material and copies of such material, with the exception of a single copy of a protected decision or letter issued by our Office, shall be: (1) returned to the party that produced them; or (2) with the prior written agreement of the party that produced the protected material, destroyed and certified as destroyed to the party that produced them; or (3) with the prior written agreement of the party that produced the protected material, retained under the terms of this order for such period as may be agreed. Within the same 60-day period, protected pleadings (including copies in archival files and computer backup files) and written and electronic transcripts of protest conferences and hearings must be destroyed, unless the parties otherwise agree or GAO so orders. The terms of the protective order (except those terms regarding the return or destruction of protected material) apply indefinitely to the single copy of the protected decision or letter issued by our Office that is retained by a party admitted under the order.

# EXHIBIT 2

**UNITED STATES GOVERNMENT ACCOUNTABILITY OFFICE**
**OFFICE OF THE GENERAL COUNSEL**
**PROCUREMENT LAW DIVISION**
**Washington, D.C. 20548**

**Matter of:** American K-9 Detection Services, Inc.

**File:** B-311349

**Agency:** Department of the Army

## PROTECTIVE ORDER

This protective order limits disclosure of certain material and information submitted in the above-captioned protest, so that no party obtaining access to protected material under this order will gain a competitive advantage as a result of the disclosure. Material to which parties gain access under this protective order is to be used only for the subject protest proceedings, absent express prior authorization from the Government Accountability Office (GAO). Such authorization must be requested in writing, with notice to all parties.

1. This protective order applies to all material that is identified by any party as protected, unless GAO specifically provides otherwise. Protected material includes information whether on paper or in any electronic format. This protective order applies to all proceedings associated with the protest, e.g., supplemental/amended protests, requests for reconsideration, and claims for costs.

2. Protected material of any kind may be provided only to GAO and to individuals authorized by this protective order. The first page of each document containing protected material is to be clearly marked as follows:

**PROTECTED MATERIAL**
**TO BE DISCLOSED ONLY IN ACCORDANCE WITH**
**GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER**

The party claiming protection must clearly identify the specific portion of the material for which it is claiming protection. Wherever such protection is claimed for a protest pleading, the party filing the pleading shall submit a proposed redacted version for public release when the protected version is filed.

3. Only individuals who are admitted under this protective order by GAO, and support staff (paralegal, clerical, and administrative personnel) who are employed or supervised by individuals admitted under this order, and who are not involved in competitive

decisionmaking for a party to the protest or for any firm that might gain a competitive advantage from access to the protected material disclosed under this order, shall have access to information covered by this order. Individuals admitted under this protective order shall advise such support staff, prior to providing them access to protected material, of their obligations under this order.

4. Each party included under this protective order shall receive up to 3 copies of the protected material (the original constitutes one copy), and shall not further duplicate that material, except as incidental to its incorporation into a submission to GAO or as otherwise agreed to by the parties with GAO's concurrence. For purpose of this provision, a "party" refers to the entity of record. Therefore, multiple attorneys or law firms representing a single party must determine among them how to allocate the maximum of 3 copies among the individuals admitted to the protective order. Each duplication of electronic media (e.g., CD Rom), whether in electronic or hard copy form, constitutes a single copy. E-mail transmissions to multiple recipients should be counted as generating one copy for the sender and one for each recipient.

5. When any party sends or receives documents in connection with this protest that are not designated as protected, including proposed redacted versions of protected documents, the party shall refrain from releasing the documents to anyone not admitted under this protective order, including clients, until the end of the second working day following receipt of the documents by all parties. This practice permits parties to identify documents that should have been marked protected before the documents are disclosed to individuals not admitted under this protective order.

6. Each individual covered under this protective order shall take all precautions necessary to prevent disclosure of protected material. In addition to physically and electronically securing, safeguarding, and restricting access to the protected material in one's possession, these precautions include, but are not limited to, sending and receiving protected material using physical and electronic methods that are within the control of individuals authorized by this protective order or that otherwise restrict access to protected material to individuals authorized by this protective order. Protected material may be sent using electronic mail unless objected to by any party in this protest. The confidentiality of protected material shall be maintained in perpetuity.

7. Within 60 days after the disposition of the protest(s) (or if a request for reconsideration or a claim for costs is filed, 60 days after the disposition of those matters), all protected material furnished to individuals admitted under this protective order, including all electronically transmitted material and copies of such material, with the exception of a single copy of a protected decision or letter issued by our Office, shall be: (1) returned to the party that produced them; or (2) with the prior written agreement of the party that produced the protected material, destroyed and certified as destroyed to the party that produced them; or (3) with the prior written agreement of the party that produced the protected material, retained under the terms of this order for such period as may be agreed. Within the same 60-day period, protected pleadings (including copies in archival files and computer backup files) and written and electronic transcripts of

protest conferences and hearings shall be destroyed, and the destruction certified to GAO and the other parties, unless the parties agree otherwise. In the absence of such agreement and for good cause shown, the period for retention of the protected material under this paragraph may be extended by order of GAO. Any individual retaining material received under this protective order (except for the single copy of a protected decision or letter issued by our Office) beyond the 60-day period without the authorization of GAO or the prior written agreement of the party that produced the material is in violation of this order. The terms of this protective order (except those terms regarding the return or destruction of protected material) shall apply indefinitely to the single copy of the protected decision or letter issued by our Office that is retained by a party admitted under this order.

8. Any violation of the terms of this protective order may result in the imposition of such sanctions as GAO deems appropriate, including but not limited to referral of the violation to appropriate bar associations or other disciplinary bodies and restricting the practice of counsel before GAO. A party whose protected information is improperly disclosed shall be entitled to all remedies under law or equity, including breach of contract.

Scott H. Riback, ~~Senior~~ Attorney

March 19, 2008